UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-CR-00015 |
| ) | Chief Judge Haynes |
| SCOTT T. THOMAS, ) | |
| ) | |
| Defendant. ) | |

## CONSENT PRELIMINARY ORDER OF FORFEITURE

Based on the Indictment and the representations and agreements of the Government and Defendant Scott T. Thomas at the plea hearing in this matter, as evidenced by the plea agreement entered into between the parties and their signatures below, the Court finds as follows:

**WHEREAS**, on January 25, 2012, the Government filed a Five Count Indictment charging Defendant Scott T. Thomas, in pertinent part at Count One, with violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b) (distribution of child pornography).

**WHEREAS**, the forfeiture allegation of the Indictment gave notice pursuant to 18 U.S.C. § 2253a that upon conviction of the child pornography offenses alleged, in pertinent part, at Count One, Defendant Scott T. Thomas shall forfeit:

1. Any visual depiction described in section 2251, 2251A, or 2252 [FN2] 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;

2. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

3. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such

property,

including but not limited to the following:

    HP Compaq Desktop Serial Number CZC5251FZO
    HP Proliant DL360 Blade Server Serial No: USM63100AS
    HTC Droid Cell Phone Serial No: HT07RHJ00783
    Dell Inspiron Laptop Serial No. 36730578457
    Gateway Laptop Serial No. X14-39632
    Dell Laptop Serial No. 2ZP0631
    Western Digital HD Serial No. WCALA2468139
    Western Digital HD Serial No. WCANKM483703
    Seagate HD Serial No. 5MQ2B2FB
    Maxtor HD Serial No. BIJDPZ6E
    Western Digital HD Serial No. WMAMR1436148
    Western Digital HD Serial No. WMAAF1188625
    IBM Deskstar HD Serial No. TXT08861
    Seagate HD Serial No. 7ED05MAH
    Western Digital HD Serial No. WMASY1876450
    Seagate HD Serial No. 5JS1DHV1
    Maxtor HD Serial No. MX4K020H1
    Samsung HD Serial No. S01JJ50X873372
    Hitachi HD Serial No. 145698-S063592
    Quantum HD Serial No. 652100944323
    Removal Media Items
    FujiFilm Digital Camera Serial No. CSC82149
    Blackberry Curve MEID A000002525137B
    Blackberry 9530 MEID A00000D13EA73
    XBOX 360 Serial No. 3046681-94805
    Toshiba Internal HD Serial No. Z4187097T
    IPOD Touch Serial No. 1A030FBF7SJ

seized from the residence of Scott T. Thomas on December 20, 2011(hereinafter referred to as "Indicted Property").

**WHEREAS,** a Verizon Android Seidio cell phone, seized from Defendant Scott T. Thomas' residence on December 20, 2011, was found to contain child pornography as described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260. The Verizon Android Seidio cell phone and the Indicted Property hereinafter collectively referred to as "Subject Property."

**WHEREAS,** the forfeiture allegation of the Indictment also gave notice to Defendant Scott T. Thomas that in the event the Indicted property, as a result of any act or omission of Scott T. Thomas:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third party;
- c. has been placed beyond the jurisdiction of the court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant Scott T. Thomas up to the value of the Indicted Property;

**WHEREAS,** Defendant Scott T. Thomas has entered into a Plea Agreement with the United States wherein he has pled guilty to Count One of the Indictment and the Court has accepted the Plea Agreement;

Now, therefore, upon the agreement of the parties, this Court makes the following findings:

1. Defendant Scott T. Thomas had notice of the intent of the United States to forfeit the Subject Property and has waived any required notice by virtue of his signature on this Consent Preliminary Order of Forfeiture

2. There is a preponderance of the evidence that the Subject Property is subject to forfeiture because it:

- a. contains [a]ny visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;

3

    b.    constitutes [a]ny property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c.    constitutes [a]ny property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property

3. If as a result of Defendant Scott T. Thomas' act(s) or omission(s), the Subject Property, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to the value of the Subject Property.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. A Consent Preliminary Order of Forfeiture as to the Subject Property is hereby taken against Defendant Scott T. Thomas.

B. Pursuant to Federal Rules of Criminal Procedure, Rule 32.2(b)(4), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing, by his consent, and shall be made part of the sentence and included in the judgment.

C. Upon entry of this Consent Preliminary Order of Forfeiture, the Attorney General (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

D. Upon the issuance of this Consent Preliminary Order of Forfeiture forfeiting the defendant's interest in the Subject Property, the United States shall publish notice of the order

4

Case 3:12-cr-00015 Document 32-1 Filed 01/02/14 Page 4 of 6 PageID #: 80

and its intent to dispose of the property in such a manner as the Attorney General (or his designee) may direct. The United States shall also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property.

E. Any person, other than the above named defendant, asserting a legal interest in the Subject Property shall, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture.

F. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, by his consent, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

G. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

H. After the disposition of any third party motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

I.   The United States shall have clear title to the Subject Property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided by 28 U.S.C. § 2461(c) which incorporates by reference the pertinent provision of 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

J.   The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 3rd day of January, 2014.

WILLIAM J. HAYNES, JR.
United States Chief District Judge

APPROVED FOR ENTRY:

DAVID RIVERA
United States Attorney
Middle District of Tennessee

s/Debra Teufel Phillips
DEBRA TEUFEL PHILLIPS, BPR 011706
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
615-736-5151
Attorneys for the United States of America


s/Guy R. Dotson, Jr. with permission
Guy R. Dotson, Jr.
117 East Main Street
Murfreesboro, TN 37130
(615) 890-1982
Fax: (615) 896-2715
Email: gdotsonjr@gmail.com
Attorney for Defendant Scott T. Thomas